CHARLES P. KING *vs.* ABNER P. WELCOME.

Under that clause of the statute of frauds, which provides that "no action shall be brought" upon an oral agreement not to be performed within one year from the making thereof, such an agreement for services cannot be set up in defence to an action on a . *quantum meruit* for services performed under it.

ACTION OF CONTRACT on a *quantum meruit,* for work and labor done by the plaintiff for the defendant. Trial in the court of common pleas. The defence relied on was that the work and labor were done under an entire contract for one year, and that the plaintiff wrongfully left the defendant's service before the year expired. It appeared that the contract was not in writing, and bound the plaintiff to labor for one year, to commence at a future day, two or three days after the making of the contract. The plaintiff contended that it was invalid, as being within the statute of frauds, and could not be set up in defence of this action. *Byington,* J. so ruled, and directed a verdict for the plaintiff, and the defendant alleged exceptions.

*B. Sanford,* for the defendant. Our statute of frauds provides that "no action shall be brought" upon any oral agreement that is not to be performed within one year from the making thereof; but it does not declare such agreements void, and this court has not so held them. Rev. Sts. *c.* 74, § 1, *cl.* 5. *Stone* v. *Dennison,* 13 Pick. 4. *Kidder* v. *Hunt,* 1 Pick. 328. *Brown* v. *Bellows,* 4 Pick. 179. The statute is to be strictly construed, and the court will apply it only to cases clearly within its words. *Peters* v *Westborough,* 19 Pick. 364. *Kent* v. *Kent,* 18 Pick. 569. *Blake* v *Cole,* 22 Pick. 97. *Roberts* v. *Rockbottom Co.* 7 Met. 46. *Coughlin* v. *Knowles,* 7 Met. 57. In the case at bar, the defendant brings no action, nor does he rely upon the contract by way of set-off. In such a case, the supreme court of Vermont, under a statute substantially like ours, have allowed such a contract to be set up in defence. Rev. Sts. of Verm. *c.* 61, § 1, *cl.* 5. *Philbrook* v. *Belknap,* 6 Verm. 383. *Foote* v. *Emerson,* 10 Verm. 338. The decisions to the contrary in other states are

4*

founded on the words of their statutes. The statute of New York, for instance, declares such contracts void.

If any action can be maintained by the plaintiff, it is upon evidence that the contract set up by the defendant had been waived or broken by him, and upon an implied contract to pay for services rendered. *Hill* v. *Hooper*, 1 Gray, 133. *Shute* v. *Dorr*, 5 Wend. 204.

*E. H. Bennett*, for the plaintiff.

The decision was made in June 1857.

Thomas, J. This was an action of contract on a *quantum meruit*, for labor done by the plaintiff for the defendant. The amount and value of the plaintiff's services were not disputed, but the defendant relied upon an express contract by which the plaintiff was to work for an entire year, and a breach of such contract by wrongfully leaving the plaintiff's service before the year expired. That contract was not in writing. By its terms, the plaintiff was to labor for one year from a day future. The plaintiff said that contract was within the statute of frauds, and could not be set up in defence to the action. So the court ruled.

Rightly, we think; though, in the light of the authorities, the question is a nice and difficult one.

Upon the reason of the thing, and looking at the object and purpose of the statute, the result is clear. So far as it concerns the prevention of fraud and perjury, the same objection lies to the parol contract, whether used for the support of, or in defence to an action. The gist of the matter is, that, in a court of law, and upon important interests, the party shall not avail himself of a contract resting in words only, as to which the memories of men are so imperfect, and the temptations to fraud and perjury so great.

The language of our statute is, that " no action shall be brought upon any agreement that is not to be performed within one year from the making thereof," " unless the promise, contract or agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or by some person thereunto by him lawfully authorized." Rev Sts. *c.* 74, § 1, *cl.* 5.

Looking at the mere letter of the statute, the suggestion is obvious, that no action is brought upon this contract. But the defendant seeks to " charge the plaintiff therewith," to establish it by proof, to enforce it in a court of law, and to avail himself of its provisions. And if the defence succeeds, the plaintiff is in effect charged with and made to suffer for the breach of a contract which he could not enforce, and which could not be enforced against him.

The difference, it is clear, is not one of principle. To illustrate this, let us suppose that in the contract, which the defendant seeks to set up in defence, there had been a provision for the payment of the wages stipulated, by semi-annual instalments. If, upon the expiration of the six months, the plaintiff had brought an action upon the contract to recover the instalment, the action could not be maintained, the statute of frauds would be a perfect defence. This is settled in the recent case of *Hill* v. *Hooper*, 1 Gray, 131. But if, in an action brought for money lent or goods furnished to himself or family, he may avail himself of the instalment, by way of set-off or payment; the difference is merely one of form, and not of substance.

Still further, upon the construction of the statute contended for by the defendant, the laborer in the contract stated would be without remedy. For if he brought his action upon the contract for the instalment, the statute of frauds would be a bar; if upon a *quantum meruit*, the express contract to labor for a year would be a bar.

The sounder construction of the statute, we think, is that a contract within its provisions is one which neither party can enforce in a court of law. *Carrington* v. *Roots*, 2 M. & W. 248 *Reade* v. *Lamb*, 6 Exch. 130. *Comes* v. *Lamson*, 16 Conn. 246. The cases in the exchequer go farther than is necessary to sustain the rule stated. They hold the contract, as a contract, is void, because it is a contract of which a party cannot avail himself in a court of law. Upon this point the recent case of *Leroux* v. *Brown*, 12 C. B. 801, is in conflict with them.

This court has not treated the contracts as absolutely void. When fully executed, they define and measure the rights of the

parties thereto.  And if this contract had been fully executed, and the plaintiff had earned the price stipulated, and had then brought *quantum meruit* on the ground that his services were reasonably worth more, the contract so executed would have been a full answer.  *Stone* v. *Dennison,* 13 Pick. 1.  But this contract was not performed ; it was, to a great extent, executory.  For breach of it by the defendant, no action could be maintained by the plaintiff.  Nor, by parity of reason, can the plaintiff's breach of it be set up to defeat his reasonable claim for services rendered.

But though a contract within the statute of frauds, as a contract, cannot be enforced in a court of law, it may be available for some purposes.

A parol contract for the sale of land, though not enforceable as a contract, may operate as a license to enter upon the land, and, until revoked, be a good answer to an action of trespass by the owner.

So where money has been paid upon a parol contract for the sale of land, it cannot be recovered back, if the vendor is willing to fulfil the contract on his part.  This is settled in the recent case of *Coughlin* v. *Knowles,* 7 Met. 57, a case which certainly resembles the one at bar, but which may be clearly distinguished from it.  That action rests upon an implied assumpsit.  The implied promise arises only upon the failure of the consideration upon which the money was paid.  The plaintiff fails to show any failure of consideration.  He shows the money was paid upon a contract not void, and which the defendant is ready to perform.  The consideration upon which it was paid exists unimpaired.  If the defendant had refused to convey, or if, as in the case of *Thompson* v. *Gould,* 20 Pick. 134, the property had been destroyed by fire, so that the contract could not be performed by the vendor, there would be a failure of consideration, from which an implied promise would arise, and the action could be maintained.

In the case at bar, the plaintiff shows services rendered for the defendant, and their reasonable value.  The defendant, admitting the performance of the labor and its value, says the plaintiff ought not to recover, because he made an entire contract

for a year, which he has not fulfilled.  The plaintiff replies, that contract was for work for a year from a day future ; it was within the statute of frauds ; it was not in writing ; it was not executed, and cannot be used in a court of law, either as the basis of an action, or to defeat a claim otherwise just and rea-sonable.

In the case of the money paid upon a contract for the sale of land, the *action* fails because no failure is shown of the consid-eration from which the implied promise springs.

In the case at bar, the *defence* fails because the contract upon which the defendant relies is not evidenced as the statute re-quires for its verification and enforcement.  For it is the whole contract, of which the defendant seeks to avail himself.  His defence is not that as to so much as is executed, as to so much time as the plaintiff has labored, he labored under the contract, and the price stipulated is to govern.  But he relies upon the contract, not only so far as it is executed, but so far as it is still executory.  He seeks first to establish the parol agreement as a valid subsisting contract, and then to charge the plaintiff with a breach of it.

A construction of the statute, which would sanction this use of the contract, would lose sight of the obvious purposes of the statute.  It would adhere to the letter at the expense of the spirit.  It would operate unequally upon the parties.  The weight of authority is against it.          *Exceptions overruled.*